[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14388
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20359-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MIGUEL PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 1, 2020)

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before JORDAN, TJOFLAT and MARCUS, Circuit Judges.

PER CURIAM:

Carlos Perez has appealed from his conviction, by jury, for being a felon in

possession of a firearm under 18 U.S.C. § 922(g)(1) and possession of a firearm in

furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i).  In his initial appeal to this Court, we rejected Perez's claims that: (1) the government had failed to prove, beyond a reasonable doubt, that he knowingly possessed a firearm and that the firearm was possessed in furtherance of a drug trafficking crime; and (2) the district court had erroneously counted Perez as a career offender under the Sentencing Guidelines.  United States v. Perez, 772 F. App'x 791, 792 (2019). Thereafter, the Supreme Court vacated and remanded this case to us for further consideration in light of Rehaif v. United States, 139 S. Ct. 2191 (2019), which held that a defendant must have a knowing mens rea of his status as a felon to be convicted of knowingly possessing a firearm after a felony conviction.  On remand, Perez argues that, in light of Rehaif, he was wrongfully convicted because his indictment failed to allege, his jury was not instructed to find, and the government was not required to prove that he knew he was a felon when he possessed the firearm.  After careful review of the entire record, including the supplemental briefs we requested of the parties on remand, we affirm.

We review for plain error Perez's new challenges to his indictment, United States v. Sperrazza, 804 F.3d 1113, 1118–19 (11th Cir. 2015), the jury instructions, United States v. Joseph, 709 F.3d 1082, 1093 (11th Cir. 2013), and the sufficiency

of the evidence, United States v. Baston, 818 F.3d 651, 664 (11th Cir. 2016).[1] To

establish plain error, Perez must show (1) an error, (2) that is plain, and (3) that

affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th

Cir. 2007). If Perez satisfies these conditions, we may exercise our discretion to

recognize the error only if it seriously affects the fairness, integrity, or public

reputation of judicial proceedings. Id. To show the error affected Perez's substantial

rights, he must show a reasonable probability that without the error the outcome of

the proceeding would have been different. Molina-Martinez v. United States, 136

S. Ct. 1338, 1343 (2016). We may consult the whole record when considering the

effect of any error on Perez's substantial rights, and Federal Rule of Criminal

Procedure 52(b) "authorizes the Courts of Appeals to correct only particularly

egregious errors." United States v. Reed, 941 F.3d 1018, 1021 (11th Cir. 2019).

Before Rehaif v. United States, a conviction under 18 U.S.C. § 922(g)(1)

required proof that: (1) the defendant knowingly possessed a firearm or ammunition;

---

[1] In district court and in his initial direct appeal to this Court, Perez never made any of the Rehaif claims he now raises -- that is, he never objected to or otherwise challenged the sufficiency of the indictment, the elements of the jury instructions, nor the sufficiency of the evidence to show that he did not know that he was prohibited from possessing a firearm, nor did he ever argue that he did not know that he was prohibited from possessing a firearm. Thus, we review these claims on remand for plain error review, just as our Court did in United States v. Reed, 941 F.3d 1018, 1020 (11th Cir. 2019). As for Perez's claim that de novo review should govern because the claim was not "reasonably available" before Rehaif issued, we disagree. Among other things, the Supreme Court granted certiorari in Rehaif a full two weeks before Perez filed his initial brief. As for the government's argument that Perez abandoned these claims on remand, we need not resolve this issue because even when we review them under plain error review, they fail.

(2) the defendant was previously convicted of an offense punishable by a term of imprisonment over one year; and (3) the firearm or ammunition affected interstate commerce.  United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008).

In Rehaif, the Supreme Court reversed a defendant's conviction after a jury trial under § 922(g)(5)(A), which prohibits possession of a firearm by an unlawful alien, because the district court instructed the jury that it did not need to find that he knew he was in the country unlawfully.  139 S. Ct. 2191, 2195 (2019).  The Supreme Court held that in prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove that he knew of his status as a person prohibited from possessing a firearm at the time of possession.  Id. at 2200.  The Supreme Court gave examples of defendants who might not know of their status, including "a person who was convicted of a prior crime but sentenced only to probation, who does not know that the crime is punishable by imprisonment for a term exceeding one year."  Id. at 2198 (quotations and emphasis omitted).  The Supreme Court did not express what exactly the government must prove to establish knowledge of status concerning other § 922(g) provisions that were not at issue.  Id. at 2200.  The Supreme Court also expressed doubt that proving this element would be burdensome for the government, noting that circumstantial evidence could be used to infer knowledge.  Id. at 2198.

4

In Reed, the defendant was convicted after a jury trial of possessing a firearm as a felon under § 922(g)(1), and we affirmed his conviction on appeal. 941 F.3d at 1019-20. We then reconsidered the appeal after remand from the United States Supreme Court in light of Rehaif. Id. at 1019. We acknowledged that the failure of the indictment to allege that he had knowledge of his status, the fact that the government was not required to prove his knowledge, and the lack of an instruction that the jury was required to find that he had such knowledge were indeed plain errors under Rehaif. Id. at 1021.

But, considering the record as a whole, we concluded that Reed could not show a reasonable probability that the outcome of his trial would have been different had the knowledge requirement been included. Id. Specifically, we noted that: (1) Reed had been convicted of eight felonies in state court at the time of his arrest for firearm possession; (2) he stipulated prior to trial that he had previously been convicted of a felony and had never had his right to possess a firearm restored; (3) he acknowledged during his trial testimony that he knew he was not supposed to have a gun; and (4) the presentence investigation report stated that he had been incarcerated for eighteen years prior to the firearm possession, which the defendant did not dispute. Id. at 1020-22. We held that because the record established that Reed knew he was a felon, he failed to show that the errors affected his substantial rights or the fairness, integrity, or public reputation of his trial. Id. at 1022.

5

Here, just as in Reed, Perez has not satisfied the plain error test. For starters, we recognize that plain error arose when the indictment did not allege the Rehaif element, when the jury was not required to find it beyond a reasonable doubt, and when the government was not required to prove that Perez knew he was a felon. Id. at 1021. Nevertheless, Perez cannot show a reasonable probability that the outcome of his trial would have been different had these errors not occurred. Id.

As the record reveals, there was more than enough evidence adduced at trial to establish that Perez knew he was a felon -- an element the Supreme Court has acknowledged is not burdensome to prove. Rehaif, 139 S. Ct. at 2198. This evidence included a post-arrest recording of one of Perez's jailhouse telephone calls, during which he admitted that immediately before his arrest in this case, he had hidden the firearm from the police. In the call, Perez declared that "when I saw [the police] I ran into the other room next to the refrigerator and [I] got rid of that shit." Next to the refrigerator, law enforcement found the firearm. Thus, the jury reasonably was entitled to infer from Perez's conduct in hiding the firearm that he knew that he was prohibited from possessing it because he was a convicted felon. See Reed, 941 F.3d at 1022 (emphasizing that they jury could have inferred that the defendant knew he was a felon from his testimony that he knew he was not supposed to have a gun).

6

Nor can we say that the errors seriously affected the fairness, integrity, or public reputation of judicial proceedings, especially since other evidence in the record shows that Perez knew that he was a convicted felon at the time he possessed the firearm. As set forth in the presentence investigation report ("PSI"), Perez had an extensive criminal history. He was a career offender who had five prior felony convictions, all of which occurred before he possessed the firearm in this case. In fact, the evidence at trial included a certified copy of a 2013 Florida conviction for the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver cocaine. Perez had placed his fingerprints on the conviction, and under the heading for the degree of the crime was the notation "2F," which Perez was likely to have known, based on his criminal history, signified that the crime was a felony of the second degree. Perez also had dozens of prior arrests for traffic offenses, misdemeanor offenses, and felony offenses. In view of his conduct during his arrest and his extensive criminal record, we have little doubt, if any, that Perez knew that he had been convicted of at least one felony offense before he possessed the firearm in this case.

In short, Perez has not demonstrated that his substantial rights were prejudiced, nor that the fairness, integrity, or public reputation of judicial proceedings were seriously affected by any of the purported errors. See Reed, 941 F.3d at 1021-22. Perez simply has not satisfied the plain error test.

7

Finally, as for Perez's argument that the omission in the indictment of the knowledge element was a jurisdictional defect, we've recently rejected this argument. <u>United States v. Moore</u>, 954 F.3d 1322, 1337 (11th Cir. 2020). "Under the prior panel precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or the Supreme Court." <u>United States v. Vega–Castillo</u>, 540 F.3d 1235, 1236 (11th Cir. 2008) (quotations omitted).

**AFFIRMED**.